IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

MAZA LYNCH,
    Plaintiff,

v.

LATOYA HUGHES, *et al.*,
    Defendants.

Case No. 3:24-cv-03169-JEH

**Order**

This case is now before the Court on Defendants Hughes, Eddy, and Long's Motion for Sanctions pursuant to Federal Rules of Civil Procedure 37 and 41(b). For the reasons stated below, Defendants' Motion is GRANTED.

**I**

On August 21, 2024, Plaintiff Maza Lynch, proceeding *pro se*, filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of her constitutional rights while she was incarcerated at Logan Correctional Center. (Doc. 9). At merit review, the Court allowed Plaintiff to proceed on an Eighth Amendment deliberate indifference claim against Defendant Owens and an Eighth Amendment failure to protect claim against Defendants Hughes, Eddy, and Long. (Doc. 12).

On June 25, 2025, the Court entered a Scheduling Order requiring Plaintiff to provide her initial disclosures to defense counsel under Federal Rule of Civil Procedure 26 by July 25, 2025. (Doc. 32 at ¶ 5). Plaintiff was ordered to provide the following information:

    A.  The names of the persons with knowledge of the relevant incidents whom Plaintiff may use to support [her] claims, along with a short description of what each person knows;

1

    B. Copies of documents Plaintiff possesses which Plaintiff may use to support [her] claims;

    C. Any information Plaintiff has to help identify the Doe defendants, if Doe Defendants are named;

    D. A statement of the injuries Plaintiff suffered and the relief Plaintiff seeks.

*Id.*

On December 9, 2025, Defendants Hughes, Eddy, and Long filed a Motion to Compel Plaintiff's Initial Disclosures. (Doc. 34). On December 10, 2025, the Court granted Defendants' motion and ordered Plaintiff to provide her initial disclosures to defense counsel by December 24, 2025. (d/e 12/10/2025). The Court warned Plaintiff the failure to do so would result in the dismissal of her case with prejudice under Rules 37(b)(2)(A)(v) and 41(b). *Id.*

On December 29, 2025, Defendants filed a Motion for Order to Show Cause stating Plaintiff still had not provided her initial disclosures. (Doc. 35). On January 12, 2026, Plaintiff filed a Motion to Request Counsel in response to Defendants' motion. (Doc. 36). On January 13, 2026, the Court denied Plaintiff's Motion to Request Counsel, granted Defendants' motion, and ordered Plaintiff to show cause by January 27, 2026, why her case should not be dismissed for failure to provide her initial disclosures to defense counsel and to comply with Court Orders. (d/e 1/13/2026). The Court warned Plaintiff that failure to show cause would result in the dismissal of this case with prejudice. *Id.* The Court also stayed the dispositive motion deadline of January 26, 2026.

On January 21, 2026, Plaintiff filed her Response to Order to Show Cause. (Doc. 37). Plaintiff stated she "had a letter for the defendants requesting discoveries." *Id.* Plaintiff stated she e-filed discovery documents in the law library.

Plaintiff did not state that she sent her initial disclosures to defense counsel, provide any exhibits to prove she sent her initial disclosures, or explain why she never sent them to defense counsel. The same day, Defendants filed a reply to Plaintiff's response. (Doc. 38).

On January 22, 2026, the Court granted Plaintiff "a FINAL opportunity to provide her initial disclosures to defense counsel within 14 days of this Order." (d/e 1/22/2026). The Court explained that discovery is not filed with the Court pursuant to Local Rule 26.3, and the Court's Scheduling Order directed Plaintiff to provide her initial disclosures to defense counsel, not the Court. *Id.* The Court warned Plaintiff that Defendants could file a motion to dismiss if she failed to provide her initial disclosures by February 5, 2026. *Id.*

On February 2, 2026, the Court received discovery documents from Plaintiff and again advised Plaintiff that discovery cannot be filed with the Court pursuant to Local Rule 26.3. (Doc. 40).

On February 6, 2026, Defendants filed a Motion for Sanctions asking the Court to dismiss this case with prejudice based on Plaintiff's continued failure to provide her initial disclosures. (Doc. 42). On February 10, 2026, Plaintiff filed a response arguing that she mailed her initial disclosures to defense counsel the same day she e-filed documents with the Court. (Doc. 43). On February 12, 2026, the Court directed Defendants to file a reply to Plaintiff's response to address whether they received her initial disclosures. (d/e 2/12/2026).

On February 23, 2026, Plaintiff filed a Letter stating that she is "currently filling out paperwork for a motion to compel and appearance to send to a Mr. Nicklas Moody, which [she has] just discovered was an[] Investigator . . . ." (Doc. 44). Plaintiff's letter made no mention of her initial disclosures.

On February 24, 2026, Defendants filed a reply stating that Plaintiff still has not provided her initial disclosures to defense counsel. (Doc. 45).

3

II

A complaint may be dismissed as a sanction under Rule 37(b) if a party "fails to obey an order to provide or permit discovery." *Watkins v. Nielsen*, 405 F. App'x 42, 44 (7th Cir. 2010) (internal citations omitted); Fed. R. Civ. P. 37(b)(2)(A)(v). Dismissal is appropriate if the court finds the party's actions "displayed willfulness, bad faith, or fault, and if dismissal would be a proportionate response to the circumstances. *Id*.; *see also Williams v. Wahner*, 714 F. App'x 601 (7th Cir. 2018) (upholding district court's dismissal of case for plaintiff's failure to respond to discovery). "If the failure is inadvertent, isolated, no worse than careless, and not a cause of serious inconvenience either to the adverse party or to the judge or to any third parties, dismissal . . . would be an excessively severe sanction." *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993).

III

This case has been at a standstill due to Plaintiff's continued failure to provide her initial disclosures to defense counsel and failure to comply with the Court's Orders. Plaintiff's initial disclosures were originally due on July 25, 2025. The Court gave Plaintiff multiple extensions of time to produce her initial disclosures. On December 10, 2025, the Court granted Defendants' Motion to Compel and ordered Plaintiff to provide her initial disclosures by December 24, 2025. When Plaintiff failed to comply, the Court ordered Plaintiff to show cause why her case should not be dismissed by January 27, 2026. Plaintiff was then given a final opportunity to provide her initial disclosures by February 5, 2026.

Although it appears Plaintiff attempted to file discovery documents with the Court, the Court instructed Plaintiff multiple times that discovery documents are not filed with the Court and to send her initial disclosures to defense counsel. (*See* Doc. 32 at ¶¶ 5, 12; Doc. 33; d/e 12/10/2025; d/e 1/13/2026; d/e 1/22/2026; Doc. 40; d/e 2/12/2026).

4

In their reply, Defendants state defense counsel attempted, multiple times, to inform both Plaintiff and Plaintiff's daughter about Plaintiff's obligation to provide initial disclosures and the structure of how to draft such disclosures. (Doc. 45 at ¶¶11-13).

Plaintiff's continued failure to produce her initial disclosures is more than inadvertent, isolated, or careless, has caused serious inconvenience to the Defendants, and delayed the resolution of this case. Although dismissal is a harsh sanction, it is unclear what lesser sanction would be effective in this case, as Plaintiff has failed to provide her initial disclosures after being given multiple opportunities to do so. The Court finds Plaintiff has displayed willfulness, bad faith, and conduct sanctionable under Rule 37(b)(2)(A)(v) and failed to comply with multiple Court Orders. Therefore, this case is hereby DISMISSED WITH PREJUDICE pursuant to Rules 37(b)(2)(A)(v) and 41(b).

**IT IS THEREFORE ORDERED:**

1) Defendants' Motion for Sanctions [42] is GRANTED. This case is DISMISSED WITH PREJUDICE pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b). The Clerk is directed to enter judgment and close this case.

2) Plaintiff remains responsible for the remainder of the $350 filing fee. (d/e 7/5/2024).

3) If Plaintiff wishes to appeal this judgment, she must file a Notice of Appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).

4) To proceed *in forma pauperis* on appeal, Plaintiff must file a Motion for Leave to Proceed on Appeal *in forma pauperis* and identify the issues she will present on appeal to assist the Court in determining whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th

Cir. 1999) (An appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, she will be liable for the $605 appellate filing fee regardless of the outcome of the appeal.

<em>It is so ordered.</em>

Entered: February 25, 2026

s/Jonathan E. Hawley
U.S. District Judge